**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re<br>IMH DALLAS ARIOSO, LLC,<br>Debtor, | Case No.: 3:26-cv-02712-RBM-MSB<br><br>Bankruptcy Case No.: 25-05061-JBM11<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>**[Docs. 6, 7]** |
| IMH DALLAS ARIOSO, LLC,<br>Appellant,<br>v.<br>RREF IV – D CLAREMONT DRIVE, LLC,<br>Appellee. | |

On April 28, 2026, Appellant IMH Dallas Arioso, LLC ("Appellant") filed a Notice of Appeal under 28 U.S.C. § 158(c)(1), seeking review of a judgment by the United States Bankruptcy Court, Southern District of California ("Bankruptcy Court"). (Doc. 1.) On May 12, 2026, the Court set a briefing schedule on the Appeal. (Doc. 3.) On June 24, 2026, the Bankruptcy Court filed a Notice of Unperfected Appeal, indicating that Appellant

has failed to comply with Federal Rule of Bankruptcy Procedure 8009. (Doc. 5; *see* Fed. R. Bankr. P. 8009(a) (Appellant must "file with the bankruptcy clerk a designation of the items to be included in the record on appeal and a statement of the issues to be presented."); Fed. R. Bankr. P. 8009(b) (Appellant must order in writing "a transcript of such parts of the proceedings not already on file as the appellant considers necessary for the appeal, and file a copy of the order with the bankruptcy clerk; or [ ] file with the bankruptcy clerk a certificate stating that the appellant is not ordering a transcript.").) On June 30, 2026, Appellee filed a Motion to Dismiss Appeal as Moot, arguing that the Appeal should be dismissed because the subject property was sold at a foreclosure sale. (*See* Doc. 6-1 at 2.)

As of October 13, 2026, Appellant has failed to oppose or otherwise respond to the Motion to Dismiss Appeal. "If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the Court." S.D. Cal. Civ. R. 7.1(f)(3)(c). Because Appellant failed to file an opposition, the Court will grant the Motion to Dismiss Appeal. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal for failure to timely file opposition papers).

Still, before dismissing an action, a court must weigh several factors: "(1) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). The Ninth Circuit has recognized that the first and fourth factors cut in opposite directions. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999); *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998). As to the second factor, the Court's need to manage its docket favors dismissal. As to the third factor, where a delay in the progression of the case occurs without explanation from the party responsible for the delay, prejudice can be presumed. *See Hernandez*, 138 F.3d at 401. Here, Appellant has failed, without explanation, both to perfect the appeal and to respond to the Motion to Dismiss. Therefore, prejudice can be

presumed and this factor favors dismissal. Finally, as to the fifth factor, although the Court has not previously explicitly warned Appellant that failure to respond to a motion to dismiss may result in dismissal, this District's Local Rules contain such a warning. *See* S.D. Cal. Civ. R. 7.1(f)(3)(c); *see also Brannigan v. Cary*, CASE NO. 3:25-cv-05524-DGE, 2025 WL 2614084, at *2 (W.D. Wash. Sept. 10, 2025) (finding "that dismissal without prejudice is an available and less drastic sanction" to dismissal with prejudice). Therefore, weighing the required factors, the Court finds that dismissal without prejudice is appropriate here.

Accordingly, the Motion to Dismiss Appeal (Doc. 6) is **GRANTED** and the *Ex Parte* Application to Extend Deadline for Filing Respondent's Brief (Doc. 7) is **DENIED as moot**. Appellant's appeal is **DISMISSED without prejudice**. The Clerk of Court is directed to **CLOSE** the case.

**IT IS SO ORDERED**.

DATE: October 13, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE